IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUZ ELENA SALMON, MARTHA
RAMEY and RANDY ALLEN
PAYNE,

        Plaintiffs,

vs.                                    No. CIV 98-842 MV/DJS

KEMPER NATIONAL
INSURANCE COMPANY and
LUMBERMENS MUTUAL
CASUALTY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Fourth Amended Complaint, filed September 4, 1998 **[Doc. No. 10]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that a supplemental response from Defendants prior to ruling on the Motion is required, as explained below.

### BACKGROUND

This case began when Plaintiffs Luz Elena Salmon ("Salmon") and Martha Ramey ("Ramey") were in a car accident in Las Cruces, New Mexico on May 10, 1995. Ramey, who was apparently at fault, was driving a car rented by Plaintiff Randy Allen Payne ("Payne"). Payne was in Las Cruces on business and had given Ramey permission to drive the car. The car was insured

through Payne's employer by Defendants Kemper National Insurance Company ("Kemper") and Lumbermens Mutual Casualty ("LMC").

Salmon brought suit against Ramey and Payne in state court. Kemper and LMC, having actual knowledge of the claims, declined to cover or defend Ramey and Payne. Default judgment was entered in favor of Salmon for the amount of $919,615.00 on February 12, 1997.

Subsequently, Ramey and Payne signed agreements which purportedly assign to Salmon their interests under the insurance contract and their rights to bring all actions or claims which they might have against Kemper and LMC.

Salmon, Ramey and Payne then filed suit against Kemper and LMC in state court, alleging several causes of action related to the failure of Kemper and LMC to cover and defend Ramey and Payne. Defendants removed the case to federal court based on diversity.

Defendants now seek to dismiss Plaintiffs Ramey and Payne arguing that because they have assigned their interests and rights to sue to Salmon, neither Ramey nor Payne are real parties in interest. Defendants further argue that Ramey and Payne lack standing and fail to state claims on which relief may be granted.

**ANALYSIS**

Defendants' argument that Ramey and Payne are not real parties in interest is based on the agreements assigning their interests and their rights to sue to Plaintiff Salmon. Plaintiffs respond, in part, that Defendants have refused to stipulate to the validity of the assignments. Plaintiffs speculate that if Ramey and Payne are dismissed from the case, Defendants will then challenge the validity of the assignments, potentially resulting in a dismissal of the entire case or requiring that

Ramey and Payne be again added as necessary parties. Thus, Plaintiffs argue that Ramey and Payne are currently necessary parties as well as real parties in interest because Defendants may later argue that the assignments are invalid.

Although Defendants do not discuss the issue, their argument in this motion is dependent on the validity of the assignment agreements. The agreements must be valid and enforceable in order for Plaintiffs Ramey and Payne to have effectively assigned their rights to sue to Salmon, thereby divesting them of any right to file suit against Defendants.

Accordingly, if the Court agrees with Defendants and grants the Motion to Dismiss, Defendants will thereafter be estopped from challenging the validity of these assignments. Simply put, Defendants cannot have it both ways: they cannot rely on the validity of the assignments to have Ramey and Payne dismissed from the case and then have Salmon's claims dismissed based on the argument that the assignments are not valid. The Court will not be placed in a position of wasting everyone's time by dismissing parties who may later be deemed indispensable.

However, the Court does not intend to take Defendants unaware. In the interest of fairness, the Court will grant Defendants additional time to consider their position. If they choose to pursue the instant Motion to Dismiss, and if the Court ultimately finds their arguments persuasive, they will be estopped from later challenging the validity of the assignments. If, on the other hand, Defendants wish to challenge the validity of the assignments, then they must withdraw the current Motion to Dismiss which is dependent on the validity of those assignments.

## CONCLUSION

**IT IS THEREFORE ORDERED** that, in regard to Defendants' Motion to Dismiss Fourth Amended Complaint **[Doc. No. 10]** Defendants are ordered to file a supplemental response within thirty (30) days of the date of this order indicating whether they wish to pursue this motion in light of the foregoing.

T

_____
MARTHA VÁZQUEZ
DISTRICT COURT JUDGE


Attorney for Plaintiff:
    Mark Dow
    Angel Saenz
    Mark Geiger
    Raymond Van Arman

Attorney for Defendant:
    James Johansen
    Bruce Celebreze